NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN OCHOA MOLINA, | |
| Petitioner, | No. 25cv16880 (EP) |
| v. | OPINION |
| LUIS SOTO *et al.*, | |
| Respondents. | |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner Franklin Ochoa Molina's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, D.E. 1 ("Petition" or "Pet."), and Motion for Order to Show Cause, D.E. 2 ("Mot. for O.S.C."). Petitioner challenges his mandatory detention by immigration authorities under 8 U.S.C. § 1187 as a violation of his Fifth Amendment right to due process, and contends that his detention falls under 8 U.S.C. § 1226(a) and requires a bond hearing. Pet. ¶¶ 22-37. Respondents filed an Answer in opposition to the Petition. D.E. 4 ("Answer"). Petitioner filed a reply brief. D.E. 5 ("Reply Brief"). The Court, having reviewed all pleadings, motions and supporting documents, and having determined that oral argument is unnecessary, *see* Fed. R. Civ. P. 78(b), finds that Petitioner is entitled to habeas relief in the form of a bond hearing pursuant to 8 C.F.R. § 236.1(d), for the reasons set forth below.

I.   BACKGROUND

Petitioner, aged sixteen and accompanied by his mother, legally entered the United States pursuant to the Visa Waiver Program ("VWP") on December 24, 2017, and has not left the United States since then. Pet. ¶ 1. He is now married to a U.S. citizen and has a 6-year old U.S. citizen son. *Id.* ¶ 2. Based on his wife's petition, his application for permanent residency is pending. *Id.*

1

¶ 3. Petitioner has no criminal history. *Id.* ¶ 4. He was detained by Immigration and Customs Enforcement ("ICE") officers on October 8, 2025, during a street stop. *Id.* ¶ 5. As a result of his arrest, Petitioner was detained in Delaney Hall Detention Facility in Newark, New Jersey without a bond hearing pending his removal proceedings. *Id.* ¶ 6.

Petitioner contends that he is entitled to a bond hearing because DHS has incorrectly interpreted the law governing the VWP to require mandatory detention during removal proceedings, rather than discretionary detention under § 1226(a). Pet. ¶¶ 22-37. Petitioner further alleges that Respondents have violated his rights by detaining and seeking to remove him on the basis of an alleged waiver of rights that he, as a minor, could not have knowingly and voluntarily executed. *Id.* ¶ 36.

Respondents acknowledge that courts within the District of New Jersey have held that a VWP noncitizen[1] who overstays the 90-day period and is subsequently detained falls under § 1226(a), not § 1187. Answer at 2. However, ICE and the immigration courts are bound by the Board of Immigration Appeals' ("BIA") decision in *Matter of A.W.*, 25 I. & N. Dec. 45, 47 (B.I.A. 2009), which held that an alien who overstayed under the VWP is detained under § 1187, not § 1226. *Id.* at 2-3. Respondents also submit that, insofar as Petitioner contends his waiver of rights to contest removability under the VWP is invalid, the Court lacks jurisdiction over such a claim. *Id.* at 3.

II.      DISCUSSION

   A.      Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States. *Demore*

---

[1] The Court uses the statutory term "alien" interchangeably with the term "noncitizen."

2

*v. Kim*, 538 U.S. 510, 517 (2003).  "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States. U.S. Const., Art. I, § 9, cl. 2." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence." *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

    B.    **Statutory Interpretation**

"[C]ourts must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024).  Even when a statute delegates discretionary authority to an agency, the reviewing court must independently interpret the statute and "effectuate the will of Congress subject to constitutional limits." *Id.* at 395.  "In an agency case as in any other, though, even if some judges might (or might not) consider the statute ambiguous, there is a best reading all the same—the reading the court would have reached if no agency were involved." *Id.* at 399 (citation modified).  Courts should apply all relevant interpretive tools to determine the best statutory interpretation.  *Id.* at 400.  "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *City & Cnty. of San Francisco, California v. Env't Prot. Agency*, 604 U.S. 334, 350 (2025) (citation modified).

    C.    **Petitioner is Detained Pursuant to 8 U.S.C. § 1226(a) and is Entitled to a Bond Hearing Under 8 C.F.R. § 1236.1(d)**

    *1.    Statutory Framework*

The parties disagree on the statutory basis for Petitioner's detention pending removal proceedings, but they do not dispute that Petitioner entered the United States under the VWP as a minor and was arrested by ICE for removal years later.  Under 8 U.S.C. § 1187(a)(1), an alien seeking admission to the United States under VWP may apply for admission as a nonimmigrant and is provided with a waiver of the visa requirement, subject to certain conditions under

3

§ 1182(a)(7)(B)(i)(II).  Under the VWP, qualifying noncitizens of designated countries may enter the United States temporarily for up to 90 days.  8 U.S.C. § 1187(a)(1).  Participation in the program requires a noncitizen to waive the right to contest any action for removal, unless he is requesting asylum.  8 U.S.C. § 1187(b)(2).  Thus, a noncitizen may be removed "without referral of the alien to an immigration judge" unless the alien applies for asylum.  8 C.F.R. § 217.4(b).

It is Respondents' position that authority to detain noncitizens subject to an administrative removal order under § 1187 is found in § 1187(c)(2)(E):

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

Answer at 4.  Respondents point to the BIA's determination in *Matter of A.W.*:

> the statutory authority for the applicant's detention is contained in section 217(c)(2)(E) of the Act, 8 U.S.C.A. § 1187(c)(2)(E) (West Supp. 2008), not section 236 of the Act, 8 U.S.C. § 1226 (2006). The authority to detain the applicant has been transferred to the Secretary of Homeland Security pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, which created the Department of Homeland Security and assigned or transferred to the Secretary of Homeland Security many of the functions previously exercised by the Attorney General. *See id.* tit. IV, § 441, 116 Stat. at 2192; *see also* 6 U.S.C. § 251 (2006). We note in this regard that the references to the Attorney General in section 217 of the Act now refer to the Secretary of Homeland Security. *See id.* tit. XV, § 1517, 116 Stat. at 2311; *see also* 6 U.S.C. § 557 (2006). Because the Attorney General no longer has authority over bond proceedings relating to aliens, like the applicant, who have been admitted pursuant to the Visa Waiver Program, he cannot delegate any such authority to the Immigration Judge.

25 I & N Dec. at 47-48.

Petitioner, in reliance on several district court determinations, contends that 8 U.S.C. § 1226(a) governs his detention. Reply at 2. 8 U.S.C. § 1226(a) provides:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

2.  *Analysis*

The text of § 1187(c)(2)(E) says nothing about DHS's authority to arrest and detain a person who has overstayed under the VWP. On the other hand, the text of § 1226(a) specifically provides for arrest and detention of a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States" and permits the Attorney General to release the noncitizen on bond. Here, Petitioner was arrested and detained on October 8, 2025, pending a determination of his removal.

This Court agrees with those courts who have drawn the same conclusion, that "the VWP does not have its own detention provision, and the detention of an alien . . . must instead arise from one of the other statutory provisions expressly covering aliens subject to detention during their

5

removal proceedings." *Gjergj G. v. Edwards*, No. 19-5059, 2019 WL 1254561, at *2 (D.N.J. Mar. 18, 2019); *Romance v. Warden York Cnty. Prison*, No. 20-760, 2020 WL 6054933, at *4 (M.D. Pa. July 28, 2020), *report and recommendation adopted*, No. 20-760, 2020 WL 6047594 (M.D. Pa. Oct. 13, 2020) (acknowledging that the petitioner's detention did not fit neatly into "any of the normal detention categories" but determining § 1226(a) applied because otherwise the petitioner would receive a windfall for overstaying the VWP, which does not contain a detention provision.) "[T]he BIA arbitrarily and capriciously interpreted the effect of transferring the delegation of immigration enforcement and administrative functions from the Attorney General to the Secretary of Homeland Security." *Sutaj v. Rodriguez*, No. 16-5092, 2017 WL 66386, at *5 (D.N.J. Jan. 5, 2017). Instead, the Secretary of Homeland Security retains the authority to delegate the power to immigration judges to hold a bond hearing under 8 C.F.R. § 1236.1(d)). *Id.*

Respondents do not contend that Petitioner is detained under 8 U.S.C. § 1231 pursuant to a final order of removal, although Respondents submit that Petitioner is foreclosed from contesting his removal based on his marriage to a U.S. citizen. Answer at 2, n.1. Respondents have also not argued that Petitioner is subject to a final order of removal within the meaning of 8 U.S.C. § 1101(a)(47)(B). *See Riley v. Bondi*, 606 U.S. 259, 267 (2025) (defining "final order of removal"). Insofar as Petitioner is challenging the validity of his order of removal on the basis that he could not waive his rights to relief from removal under the VWP as a minor upon entry into the United States or that Respondents contend Petitioner may not do so, this Court lacks jurisdiction to address such a claim. Answer at 4, citing *Vargas v. United States Dep't of Homeland Sec.*, No. 17-356, 2017 WL 962420, at *2–3 (W.D. La. Mar. 10, 2017).

## III. CONCLUSION

Petitioner is unlawfully detained under § 1225(b) but may be detained under § 1226(a) subject to a bond hearing, as due process requires. Therefore, the Court will **GRANT** the Petition and direct Respondents to provide Petitioner a bond hearing. An appropriate Order accompanies this Opinion.

Dated: November 25, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　　*Evelyn Padin*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Evelyn Padin, U.S.D.J.

7